UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL YOUNG,

Plaintiff,

v.

U PULL AND SAVE AUTO PARTS INC.,

Defendant.
_______________________________/

Case No. 4:25-cv-12986

F. Kay Behm
United States District Judge

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND (ECF No. 17)**

## I. PROCEDURAL HISTORY

Plaintiff Michael Young is suing his former employer, U Pull and Save Auto Parts Inc., alleging violations of the Americans with Disabilities Act (ADA) and Michigan's Persons with Disabilities Civil Rights Act (PWDCRA). ECF No. 1. Under the current scheduling order, fact discovery closed on July 29, 2026, and the remainder of the deadlines have been stayed pending resolution of Plaintiff's motion. ECF Nos. 10, 26.

Before the Court is Plaintiff's motion to amend the complaint, which he filed on July 10, 2026. ECF No. 17. Defendant has responded (ECF No. 19),

and Plaintiff has replied (ECF No. 20). For the reasons set forth below, the motion will be **GRANTED IN PART.**

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), at this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." In general, leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule rests on "the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citations omitted).

Denial of leave to amend may nevertheless be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Campion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2003)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM*

*Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

Additionally, when a plaintiff moves to amend their complaint after the relevant deadlines in the case management order have passed, they must demonstrate "good cause" for failure to seek leave earlier, pursuant to Fed. R. Civ. P. 16(b)(4). *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In considering whether a plaintiff has shown good cause, the court must consider "the moving party's diligence in attempting to meet the case management order's requirements" as well as whether the defendant will suffer prejudice as a result of the proposed amendment. *Tripp v. United States*, No. 21-12859, 2023 WL 3441724, at *2 (E.D. Mich. Apr. 5, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Davidson v. Arlington Cmty. Sch. Bd. of Educ.*, 847 F. App'x 304, 311-12 (6th Cir. 2021)).

## III. ANALYSIS

Plaintiff requests to amend his complaint to add two additional claims for termination in violation of public policy and intentional tort as exception to workers' compensation. ECF No. 17, PageID.80. He argues that although the amendment deadline has passed, the proposed amendment is "based in substantial part on information that was not confirmed until Defendant

produced discovery months after the deadline." *Id.* Defendant, on the other hand, argues that Plaintiff has not shown good cause to allow the amendment, and that there has been undue delay, undue prejudice, and the proposed amendment is futile. ECF No. 19.

First, although Plaintiff filed his motion to amend after the deadline to amend, which was on January 26, 2026, he argues that his amendment was conditioned on some of Defendant's discovery responses, which were not timely. He also asserts that the information he provided in his deposition supplied the evidentiary detail behind these new claims. Although both the Court and Defendant are skeptical of this last argument considering that Plaintiff certainly had his own knowledge before the deadline to amend, the Court nonetheless finds good cause for allowing the amendment to add a claim for termination in violation of public policy. Plaintiff asserts that this claim was also based on discovery that sought safety complaints, fires and spills, workplace-safety policies, internal investigations, fire reports, governmental communications, and the identities of the knowledgeable managers. ECF No. 20, PageID.152. Further, the claim does not rely on any additional facts or circumstances, and although discovery has now closed, it appears that it will need to be reopened regardless of the outcome of this

motion because Defendant failed to provide four witnesses for deposition, despite Plaintiff's multiple requests to do so starting in May 2026 and continuing through the end of discovery. *See* ECF Nos. 21, 28. Defendant will therefore suffer minimal prejudice in having to defend against this additional claim when discovery is reopened. For these reasons, the Court sees fit to allow amendment to add Plaintiff's proposed Count III, which Defendant does not argue is futile.

However, on the proposed addition of Count IV, "intentional tort as exception to workers comp," the Court agrees with Defendant's argument that amendment would be futile. *See* ECF No. 19, PageID.113. Michigan's Worker's Disability Compensation Act (WDCA) provides an "employee's exclusive remedy against the employer for a personal injury or occupational disease," with "[t]he only exception to this exclusive remedy [being] an intentional tort." Mich. Comp. Laws Ann. § 418.131 (West). An "intentional tort" in this context "is not a true intentional tort," *Bagby v. Detroit Edison Co.*, 865 N.W.2d 59, 61 (Mich. Ct. App. 2014), but instead exists

> only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

Mich. Comp. Laws Ann. § 418.131 (West). "An injury is 'certain to occur' if there is no doubt that it will occur." *Bagby*, 865 N.W.2d at 62. As explained by the Michigan Supreme Court,

> When an injury is "certain" to occur, no doubt exists with regard to whether it will occur. Thus, the laws of probability, which set forth the odds that something will occur, play no part in determining the certainty of injury. Consequently, scientific proof that, for example, one out of ten persons will be injured if exposed to a particular risk, is insufficient to prove certainty. Along similar lines, just because something has happened before on occasion does not mean that it is certain to occur again. Likewise, just because something has never happened before is not proof that it is not certain to occur.

*Travis v. Dreis & Krump Mfg. Co.*, 551 N.W.2d 132, 143 (Mich. 1996). Overall, as evidenced, this is an "extremely high standard." *Id.* The issue of whether an act was an intentional tort is a question of law for the Court. Mich. Comp. Laws Ann. § 418.131 (West).

In his proposed amended complaint, Plaintiff proposes to add this claim based on the risk of fire created by spilled oil left uncleaned on the shop floor, and the process that employees used for cutting the catalytic converter before disconnecting the battery in a salvaged automobile. ECF No. 17-1, PageID.96. Plaintiff alleges that he made his supervisors, Todd Schramm and Noah Eychner, aware of these risks, but neither did anything about it, and

Eychner specifically directed the unsafe process for convenience or speed. *Id*.

Plaintiff's allegations that his supervisors had knowledge of a general risk is not sufficient to establish an intentional tort under the WDCA. *Herman v. City of Detroit*, 680 N.W.2d 71, 77 (Mich. Ct. App. 2004) ("An employer's knowledge of general risks is insufficient to establish an intentional tort."); *Bagley*, 865 N.W.2d at 62 ("An employer's awareness of a dangerous condition, or knowledge that an accident is likely, does not constitute actual knowledge that an injury is certain to occur."). To meet this high standard, Plaintiff "must be able to allege a specific danger known to the employer that was certain to result in an injury and must allege that the employer required the plaintiff to work in the face of that danger." *Herman*, 680 N.W.2d at 77; *see Travis v. Dreis & Krump Mfg. Co.*, 551 N.W.2d 132, 144 (Mich. 1996) (explaining, as an example, that an injury was certain to occur where "defendant's plant was contaminated with toxic levels of polychlorinated biphenyls (PCBs)" and "[a]fter hazardous waste specialists were unsuccessful in reducing the level of PCBs on the plant floor, the defendant ordered the plaintiffs to scrub the floor on their hands and knees, with no protective clothing" for five days (citing *Gulden v. Crown Zellerbach Corp.*,

890 F.2d 195 (9th Cir. 1989)). As he has not done so, addition of this claim would be futile.

For these reasons, Plaintiff's motion is granted in part, such that Plaintiff may amend his complaint to add his proposed Count III for termination in violation of public policy, but he may not add his proposed Count IV for an intentional tort under the WDCA. Finally, although Defendant requests that the Court impose various costs on Plaintiff if amendment is allowed, the Court declines to do so at this time.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend (ECF No. 17) is **GRANTED IN PART**. Plaintiff must file an amended complaint that conforms with the requirements set forth above **within 7 days** of entry of this Order.

Additionally, the parties must submit a joint proposed order to amend the case management order to extend dates **within 14 days** of entry of this Order.

**SO ORDERED.**

Date: September 25, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge